**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael M. CARRASCO, Defendant–**
**Appellant.**

No. 04–2332.

United States Court of Appeals,
Tenth Circuit.

June 27, 2005.

**112**

David C. Iglesias, U.S. Attorney, Norman Cairns, Office of the United States Attorney, District of New Mexico, Albuquerque, NM, for Plaintiff–Appellee.

Michael M. Carrasco, Lompoc, CA, pro se.

Before BRISCOE, LUCERO, and MURPHY, Circuit Judges.

## ORDER

This matter is before the court on Michael M. Carrasco's *pro se* request for a certificate of appealability ("COA"). Carrasco seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Carrasco has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Carrasco pleaded guilty to a single count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. On August 13, 2002, the district court sentenced Carrasco to a term of imprisonment of ninety-seven months. On September 30, 2004, Carrasco filed the instant § 2255 motion. In his motion, Carrasco asserted that the district court had improperly enhanced his sentence based on judge-found facts in viola-

tion of the Supreme Court's then-recent decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The district court conducted a retroactivity analysis pursuant to *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and concluded that *Blakely* did not apply retroactively to initial § 2255 motions. Accordingly, the district court dismissed Carrasco's motion. Carrasco then filed a request for a COA with the district court. While the request for a COA was pending, the Supreme Court handed down its decision in *United States v. Booker*, ——— U.S. ———, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In *Booker*, the Supreme Court applied the rule set out in *Blakely* to the United States Sentencing Guidelines. *Id.* at 756. The district court then issued an order denying Carrasco's request for a COA; the order specifically noted that the district court had taken into account the *Booker* decision in analyzing whether Carrasco was entitled to a COA.

In his filings in this court, Carrasco asserts the district court erred in concluding that *Blakely* and *Booker* do not apply retroactively to initial § 2255 motions. Carrasco's assertion is, however, foreclosed by two recent decisions of this court. In *United States v. Price*, 400 F.3d 844, 849 (10th Cir.2005), this court held that "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004." Likewise, in *United States v. Bellamy*, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005), we held that "like *Blakely*, *Booker* does not apply retroactively on collateral review." Thus, *Price* and *Bellamy* make clear that the district court was correct in concluding that Carrasco could not raise his *Blakely*-based sentencing claim on collateral review.

To be entitled to a COA, Carrasco must make "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quotations omitted). In evaluating whether Carrasco has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Carrasco need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Carrasco's application for a COA and appellate filings, the district court's orders, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller–El,* this court concludes that Carrasco is not entitled to a COA. As this court's recent decisions in *Price* and *Bellamy* make clear, the district court's resolution of Carrasco's § 2255 motion is not reasonably subject to debate and the issue he seeks to raise on appeal is not adequate to deserve further proceedings. Accordingly, this court **DENIES** Carrasco's request for a COA and **DISMISSES** this appeal.